# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2839-RM-NYW

DAKOTA STATION II CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,

    Defendant.

---

## ORDER GRANTING MOTION TO AMEND ANSWER
---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on the Motion for Leave to Amend Answer to Assert Defense of Insurance Fraud, Affirmative Claims Arising Out of Insurance Fraud, and to Add Co-Conspirators Scott Benglen, Claim Solutions LLC, Susan Cwik and Gunbarrel Real Estate Company as Third-Party Defendants Regarding Insurance Fraud Claims ("Motion to Amend Answer") [#34] filed by Defendant Auto-Owners Insurance Company ("Defendant" or "Auto-Owners") on July 17, 2015. The Motion to Amend Answer was referred to this Magistrate Judge by the Order of Reference dated February 4, 2015 [#23], the Reassignment dated February 10, 2015 [#24], and the Memorandum dated July 20, 2015 [#35]. The court held oral argument on August 26, 2015, and took the matter under advisement at that time. [#46]. Having reviewed the Parties' briefing, the applicable case law, the court file, and being fully advised of the premises, Defendant's Motion to Amend Answer is GRANTED.

## BACKGROUND

Plaintiff Dakota Station II Condominium Association ("Plaintiff" or "Dakota Station") initiated a lawsuit against Defendant in Jefferson County, Colorado District Court on June 5, 2014. [#1-3]. In its original Complaint and Jury Demand, Dakota Station asserted a claim under Colo. Rev. Stat. §§ 10-3-1115, 10-3-1116 for undue delay in payment of insurance benefits arising from hail damage arising from a storm on June 6, 2012. [*Id.* at ¶ 10]. On September 22, 2014, Plaintiff filed an Amended Complaint and Jury Demand, adding a claim for breach of contract [#1-6 at 3-4]. Auto-Owners removed the case to this court on October 17, 2014. [#1].

The court entered a Scheduling Order governing this case on January 23, 2015. [#20]. In that Order, the deadline for amendment of pleadings and joinder of Parties was set for February 27, 2015 – the date proposed jointly by both Parties. *Compare* [#20 at 7] *with* [#16 at 8]. In the Scheduling Order, the deadline for discovery was set for July 23, 2015, and dispositive motions were due on August 21, 2015. [#20 at 7]. By Order dated June 12, 2015, the court granted the Parties' joint request to extend expert disclosure deadlines and the discovery deadline until July 22, 2015 and August 15, 2015, respectively. [#31]. The deadline for dispositive motions was extended until September 1, 2015. That same day, Plaintiff filed a Motion to Compel, seeking an order directing Defendant to produce certain documents, responses to a request for admission, and a privilege log. [#29]. By the time of the hearing on August 4, 2015, the Parties had reached a stipulation as to the discovery and the Motion to Compel was denied as moot. [#38]. The deadline for joinder of parties and/or amendment of pleadings was not extended at any time.

On July 17, 2015, Defendant filed its Motion to Amend Answer, seeking to add an affirmative defense and counterclaims of fraud/misrepresentation/concealment; breach of contract/breach of the implied duty of good faith and fair dealing; and conspiracy. [#34; #34-

2

13[1]]. Defendant also sought to assert third-party claims against Scott Benglen, the public appraiser; his company, Claim Solutions LLC; Susan Cwik, the property manager for Dakota Station; and her company, Gunbarrel West Real Estate Company (collectively, "proposed Third-Party Defendants"). [#34 at 6, #34-13 at 1, 9-12]. The crux of Defendant's proposed counterclaims and third-party complaint is that Plaintiff conspired with the proposed Third-Party Defendants to misrepresent that the hail damage claimed by Plaintiff occurred on or about March 15, 2012, the date of loss identified by Plaintiff to obtain insurance proceeds to replace the roofs, [#39-1], when in actuality, the losses occurred before or after Auto-Owners' coverage period. [#34-13 at 5, 6-7]. In support of its Motion to Amend, Auto-Owners attaches several exhibits, including the Property Loss Notice submitted by Plaintiff on May 24, 2012; roofing condition reports issued prior to March 15, 2012, the reported date of loss; correspondence between Mr. Benglen, Ms. Cwik, and Ms. Haber occurring in August 2013; an excerpt of Mr. Benglen's deposition that occurred on May 14, 2015; correspondence between Mr. Benglen and Auto-Owners from October 2013 including a second date of loss of June 6, 2012; correspondence between Mr. Benglen and Ms. Cwik from August 2013; excerpts from Rule 30(b)(6) depositions of Lallier Construction, Inc. (Plaintiff's construction company) and Plaintiff taken on June 18 and 19, 2015, respectively; an Amended Agreement for repairs; and correspondence between the Parties from April 2015. [#34-1 - #34-12]. Defendant contends that it could not have sought to amend to its Answer prior to July 17 because the information upon which it bases its proposed amendments was not fully available to it until the Rule 30(b)(6) deposition of Plaintiff on June 19, 2015. [#34 at 6].

---

[1] The court notes that it does not appear that Defendant submitted a proposed Amended Answer in redline format that complies with D.C.COLO.LCivR 15.1(b). As a result, the court's description of the proposed amendments is based on the Parties' descriptions and the court's informal comparison of the proposed Amended Answer with the original Answer.

Plaintiff filed its response on August 7, 2015, arguing that the proposed amendment was untimely and futile. [#39 at 5-6]. In contending that the proposed Amended Answer would be futile, Plaintiff asserts that "the undisputed facts" are fatal to Auto-Owners, because Defendant lacks the facts to satisfy each element of a claim for fraud. [*Id.* at 7-8]. Plaintiff further argues that Defendant lacks good cause to amend the Scheduling Order under Rule 16(b) because Auto-Owners knew of the underlying factual basis for its proposed amended claims from the outset of the case, and it lacked diligence in evaluating its claims or seeking amendment prior to the Scheduling Order's deadline. [*Id.* at 9-10]. In support of its Response, Plaintiff attaches several exhibits, including loss reports reflecting conversations between Defendant's claim handling service, Ascent Claim Services, Inc. ("Ascent") and Mr. Benglen and Ms. Haber, who is described as "work[ing] with him." [#39-4 at 1]. The exhibits also include correspondence from October 2013 between Mr. Benglen and Mr. Burns, Defendant's appraiser, that specifically notes that the attached amended appraisal demand includes "the hail claim from earlier this summer." [#39-7]. In addition, Plaintiff appends correspondence from Mr. Burns to Ms. Haber as of January 17, 2014 that notes that "a significant hail storm had passed through this area on August 22, 2013 with 1 ¾' hail reported 0.89 miles north-northwest of the property. This storm occurred after my assignment and Ms. Haber's assignment to the claim, but prior to our first inspection on September 20, 2013, and after previous inspections for wind only claims." [#39-8 at 5].

In Reply, Defendant contends that it is not moving for summary judgment, but rather that it only seeks to amend and the proposed Amended Answer clearly states a claim that is plausible on its face. [#40 at 3]. Defendant further argues that it could not have asserted these defenses and claims earlier because Plaintiff wrongfully withheld the information upon which they are based, and Defendant did not receive Plaintiff's discovery responses until June 3, 2015 and could

not "contextualize" the documents until the Rule 30(b)(6) deposition of Plaintiff. [*Id.* at 5]. Defendant further attaches correspondence from May 2012, which is described as additional evidence obtained since the filing of the Motion to Amend Answer, to support its contention that Plaintiff's allegedly fraudulent conduct. [#40-1].

## ANALYSIS

### I. Applicable Law

Although neither Party addresses it in this manner, it appears there are two separate (albeit intertwined) issues before this court:  (1) whether to permit Defendant to amend its Answer to include an affirmative defense and counterclaims for fraud/misrepresentation/concealment and conspiracy against the existing Plaintiff, and (2) whether to permit Defendant to assert a third-party complaint against new parties, *i.e.*, Scott Benglen; his company Claim Solutions, LLC; Susan Cwik; and her company, Gunbarrel Real Estate Company. The court will address each issue in turn.

#### A. Amendment of Auto-Owners' Answer

Under Tenth Circuit law, courts employ a two-step analysis in determining whether to allow a party to amend the pleadings after the deadline established by the Scheduling Order has passed. First, the court considers whether the moving party demonstrates good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.,* 771 F.3d 1230, 1242 (10th Cir. 2014); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Next, the court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Gorsuch*, 771 F.3d at 1242.

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "In practice, this standard requires the

movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch,* 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have described the standard under Rule 15(a) as "more lenient" than that under Rule 16(b). *Pumpco*, 204 F.R.D. at 668. Refusing leave to amend it generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Id.*; *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996).

### B. Leave to File Third-Party Complaint

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice. Fed. R. Civ. P. 14. If a defendant does not serve a third-party complaint within fourteen days serving its original Answer, it must secure leave of court to do so. Fed. R. Civ. P. 14(a)(1). The determination of whether to permit leave to assert a third-party complaint lies within the sound discretion of the court. *See First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992).

In exercising such discretion, the court bears in mind that the general purpose of Rule 14 is to resolve related matters in a single litigation to obtain efficient and consistent results, if appropriate. *See Henn v. Fid. Nat. Title Ins. Co.*, Civil Action No. 12-cv-03077-RM-KLM, 2013 WL 2237491, *2 (D. Colo. May 21, 2013). However, to be proper, a third-party complaint must depend, at least in part, on the resolution of the primary lawsuit. Fed. R. Civ. P. 14(a)(1). *See also Maxfour Eng'rs & Architects, LLC v. ARB, Inc.*, 233 F.R.D. 602, 605 (D. Colo. 2006). Put another way, "a third-party complaint under Rule 14(a) may be asserted only 'when the third-party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable to the defendant.'" *Country Mut. Ins. Co. v. Rocky Mountain Const. Co., LLC*, Civil Action No. 12-cv-00453-REB-KMT, 2013 WL 438940, at *1 (D. Colo. Feb. 5, 2013) (quoting *Saine v. A.I.A., Inc.*, 582 F. Supp. 1299, 1309 (D. Colo. 1984)). While it is not intended to be a catch-all for independent litigation, *see U.S. Fidelity & Guaranty Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir.1968), it is should be construed liberally. *See United States v. Acord,* 209 F.2d 709, 712 (10th Cir. 1954).

## II.     Good Cause Under Rule 16(b)

The court first considers whether Auto-Owners has satisfied the first prong of the two-step analysis to allow amendment of its Answer after the deadline set for under Rule 16(b) of the Federal Rules of Civil Procedure. Auto-Owners argues that in support of its proposed amendments, it relies on documents not from its own files, but upon correspondence between Plaintiff and third parties that were produced for the first time on June 3, 2015 [#40 at 5], and that it could not confirm its theories of conspiracy and fraud until Plaintiff's Rule 30(b)(6) deposition on June 19, 2015. [#34 at 8]. After careful review of the record before it, the court finds that the balance tips in favor of Auto-Owners.

On one hand, it appears that even before the initiation of this lawsuit, Auto-Owners was on notice of some facts that give rise to its proposed counterclaims. As early as June 19, 2013, Defendant was on notice that there might be a conflict in the relationship between Mr. Benglen and Ms. Haber. The Loss Report created by Ascent notes that Ms. Haber "work[ed] with Mr. Benglen," [#39-4 at 1], and that "she [stated that she] was not a public adjuster when asked." [#39-4 at 1]. In addition, as early as October 7, 2013, Auto-Owners was on notice that Mr. Benglen included hail damage from "earlier in the summer," *i.e.*, the storm from August 22, 2013, in his amended appraisal report. [#39-7]. Indeed, Defendant's own appraiser, Mr. Burns, noted that "a significant hail storm had passed through this area on August 22, 2013," and noted that the roofs had a combination of "new and oil hail, and/or wind damage" in his own report dated January 17, 2014. [#39-8 at 5].

The purpose of a deadline to amend pleadings and join parties contained in a Scheduling Order is to force the parties to prioritize their discovery and attempt to obtain information necessary for any amendments, sooner rather than later, so that discovery may proceed in an orderly fashion. *See Valles v. Gen-X Echo B, Inc*., Civil Action No. 13-cv-00201-RM-KLM, 2013 WL 5832782, *3 (D. Colo. Sept. 27, 2013), report and recommendation adopted sub nom. *Valles v. Gen-X Echo B, Inc.*, Civil Action No. 13-cv-00201-RM-KLM, 2013 WL 5832745 (D. Colo. Oct. 30, 2013) (citations omitted). Nevertheless, there is no evidence that Auto-Owners knew, prior to February 27, 2015, of the substance of the communications between Plaintiff, Ms. Cwik, Mr. Benglen, and Ms. Haber upon which it now relies to support its defense and claims for fraud and conspiracy. There is also no evidence that Defendant could have ascertained this information without discovery in this matter. Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake." Fed. R. Civ. P. 9(b). It is unclear that Auto-Owners could have sustained an affirmative defense or counterclaim based on fraud with the information it had prior to February 27. In addition, while Auto-Owners could have scheduled discovery differently, there is nothing before the court to suggest that Auto-Owners improperly delayed in seeking this information or in filing the instant Motion to Amend. Accordingly, I find that Defendant has established good cause for amending the deadline for the amendment of pleadings and/or joinder of parties. *See Pumpco*, 204 F.R.D. at 668 (finding that either information learned through discovery or a change in the law, if occurring after the deadline to amend contained in the Scheduling Order, constitutes good cause to justify an extension of that deadline).

### III.    Amendment Under Rule 15(a)

Rule 15(a)(2) provides that leave to amend "should be freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Refusing amendment is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Plaintiff contends that this court should deny the Motion to Amend on the basis of timeliness, prejudice to Plaintiff, and futility. [#39]. Having addressed the issue of timeliness above, the court will not pass on it again, but rather turns to considering asserted prejudice and futility.

#### A.    Potential Prejudice to Plaintiff

Plaintiff bases its arguments of potential prejudice by arguing that "[t]he amendment would also require significant additional, unexpected, and expansive discovery" and would delay trial. [#39 at 10-11]. Plaintiff anticipates that Defendant will seek to depose and serve written discovery on each of the new parties, and re-depose existing parties. [*Id.* at 11]. Defendant

9

contends that only "minimal additional discovery is needed, [and] accommodations may be properly made for the new parties so as to not disrupt the progress of this case." [#40 at 8-9].

The court will take Defendant's representation that minimal additional discovery is needed at face value. Moreover, this court independently concludes that it could restrict any additional discovery, with the recognition that Defendant could have ordered discovery differently to obtain this information earlier in discovery given the fact that it possessed some indication of some of the facts upon which it bases its amendments even before this action was filed. The court would also limit any attempt by the Plaintiff to unnecessarily expand discovery, because most facts relevant to the new allegations should be within the control of Plaintiff, given its alleged role in the purported fraud and conspiracy. In addition, a trial date has not yet been set in this case. Therefore, the court concludes any prejudice to Plaintiff due to its concerns regarding expansive additional discovery and associated costs can be addressed by the court through the limits of any further discovery and cost-shifting, if appropriate.

### B. Futility of Amendment

Plaintiff also contends that the court should not permit amendment because it would be futile. [#39 at 7-8]. Dakota Station argues that there are no facts to support Auto-Owners' allegations of concealment, because Auto-Owners had access to the roofs and Dakota Station never concealed or misrepresented the condition of the roofs. [*Id.*]. Dakota Station further contends that Auto-Owners never relied upon Dakota Station's representations because it only relied upon its own appraiser, Mr. Burns. [*Id.* at 8]. Auto-Owners disputes these positions, pointing to Plaintiff's initial claim of loss and communications between Mr. Burns and Mr. Benglen to rebut Plaintiff's arguments. [#40 at 7].

This court finds that Plaintiff's attempt to recast the court's futility analysis under Rule 15(a)(2) into a summary judgment argument is both premature and inefficient. To the extent that Plaintiff believes that the proposed amendments are subject to summary judgment, such analysis is better presented through a motion for summary judgment that complies with the Civil Practice Standards for the presiding judge, the Honorable Raymond Moore.[2] *White River Vill., LLP v. Fid. & Deposit Co. of Maryland*, Civil Action No. 08-cv-00248-REB-MEH, 2013 WL 6168853, at *4 (D. Colo. Nov. 25, 2013). Indeed, as the court noted in *White River*, a denial of a motion to amend is a dispositive issue that may be only recommended by this court, and proceeding under a future Rule 56 motion may, at least, avoid one round of objections under Fed.R.Civ.P. 72(a) or 72(b). *Id.* Given the fact that the Parties have not filed dispositive motions in this case, a future dispositive motion will not run afoul of Judge Moore's Practice Standard limiting a single motion for summary judgment by a side. *See* Moore Civ. Practice Standard IV.M.3. Accordingly, with a mind to the interests of judicial economy, this court exercises its discretion in declining to engage in a detailed futility analysis in the context of this instant motion. *Cf. Fuller v. REGS, LLC*, No. 10–cv–01209–WJM–CBS, 2011 WL 1235688, at *3 (D. Colo. March 31, 2011) (the court was "guided by pragmatism and efficiency" in exercising its discretion to grant motion to amend rather than apply futility analysis).

### IV. Third-party Complaint

The court now turns to whether Defendant may properly assert a third-party complaint against new parties under Rule 14. Neither Party addressed the Rule 14 standard, implicitly assuming that if amendment of the Answer to permit the third-party complaint would necessarily

---

[2] *See* Moore Civ. Practice Standards, IV.B., IV.M.

rise and fall with the amendment of the affirmative defense and counterclaims against Plaintiff. In this case, the court agrees.

Third-party practice under Rule 14(a) does not require identity between the primary and third-party claims. *Maxfour*, 233 F.R.D. at 605. In this case, Defendant contends that it cannot be liable for breach of contract because of the fraud perpetuated by a conspiracy involving Plaintiff and the proposed Third-Party Defendants. [#34 at 5-6]. The proposed third-party complaint is based on a common core of facts shared with the affirmative defense and counterclaims. Therefore, this court concludes, without passing on the substantive issue as to whether Defendant can ultimately prevail on its allegations of fraud or conspiracy against either Plaintiff or the proposed Third-Party Defendants, that it is in the interest of avoiding the multiplicity of actions and potentially inconsistent results, to permit Defendant to proceed with its third-party complaint in this action.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     Defendant's Motion for Leave to Amend Answer to Assert Defense of Insurance Fraud, Affirmative Claims Arising Out of Insurance Fraud, and to Add Co-Conspirators Scott Benglen, Claim Solutions LLC, Susan Cwik and Gunbarrel Real Estate Company as Third-Party Defendants Regarding Insurance Fraud Claims [#34] is **GRANTED**;

(2)     The Clerk of the Court is **DIRECTED** to accept the Amended Answer, Counterclaims, and Third-Party Complaint tendered as [#34-13] for filing;

(3)     Defendant must **SERVE** a Summons on a Third Party Complaint and a copy of the Third-Party Complaint on Scott Benglen; Claims Solutions LLC, Susan Cwik, and Gunbarrel Real Estate Company within fourteen (14) days of the entry of this Order;

(4) Defendant will **SERVE** a copy of this Order on Third Party Defendants with the Summons and Third-Party Complaint;

(5) All Parties, including the Third-Party Defendants, will appear for a further Scheduling Conference on **December 17, 2015 at 10:00 a.m.** before the undersigned Magistrate Judge, in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294[3];

(6) No later than **December 10, 2015,** the Parties will submit a joint supplemental Scheduling Order detailing the discovery that has already been taken in this matter; any anticipated discovery requested by the Parties with specifics regarding why such discovery is necessary in light of the discovery already taken in this matter; the proposed scheduling of such discovery (including dates for any further depositions); and identifying any disputes related to discovery between the Parties, using the following deadlines contemplated by the court:

Discovery deadline:  **February 19, 2016**

Dispositive motions deadline:  **March 18, 2016**

Final Pretrial Conference:  **May 20, 2016 at 9:00 a.m.**

In light of these contemplated deadlines, to the extent that the Parties are amenable to proceeding with discovery prior to December 17, 2015, the Parties are directed to contact the chambers of the undersigned Magistrate Judge for an earlier further Scheduling Conference.

DATED October 30, 2015                           BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge

---

[3] The Parties are further advised that anyone seeking admission to the Byron G. Rogers United States Courthouse must present valid identification. D.C.COLO.LCivR 83.2.