**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-2839-RM-NYW

DAKOTA STATION II CONDOMINIUM ASSOCIATION, INC.,

       Plaintiff/Counterclaim Defendant,

v.

OWNERS INSURANCE COMPANY,

       Defendant/Counterclaimant and Third-Party Plaintiff,

v.

SCOTT BENGLEN,
CLAIMS SOLUTIONS, LLC,
SUSAN CWIK,
GUNBARREL WEST REAL ESTATE COMPNAY, a Colorado corporation d/b/a
COUNTRYSIDE ASSET MANAGEMENT CORPORATION, and
HAVEN PROPERTY MANAGERS & ADVISORS,

       Third-Party Defendants.

---

## ORDER ON MOTION TO STRIKE

Magistrate Judge Nina Y. Wang

       This matter comes before the court on Owners Insurance Company's Motion to Strike

Third Party Defendants Scott Benglen and Claim Solutions, LLC's Designation of Nonparties at

Fault ("Motion to Strike") [#91, filed Feb. 1, 2016], Owners Insurance Company's Motion for

Protective Order ("Motion for Protective Order"), and the Notice of Withdrawal of Designation

of Non-Party at Fault ("Notice of Withdrawal") [#94, filed Feb. 3, 2016].  The Motion to Strike

and Motion for Protective Order are before the undersigned Magistrate Judge pursuant to the Order of Reference dated February 4, 2015 [#23], the Order Reassigning Magistrate Judge dated February 10, 2015 [#24], the Memoranda dated February 1, 2016 [#92] and February 2, 2016 [#93], respectively.

On January 26, 2016, Third-Party Defendants Scott Benglen and Claims Solutions, LLC filed a Notice of Non-Party at Fault giving notice that they designated Karen Wheeler and the law firm of Levy Wheeler Waters, P.C. as non-parties at fault designated pursuant to C.R.S. § 13-21-1115 as responsible for claim damages against Claim Solutions and Mr. Benglen in connection with payment of recoverable depreciation and/or contingent funds. [#89]. Ms. Wheeler and the law firm of Levy Wheeler Waters, P.C. currently represent Defendant Owners Insurance Company ("Owners") in this case. *See* [#17].

On February 1, 2016, Owners filed a Motion to Strike, requesting that the court strike the Notice as "disallowed" because the designation fails to meet the standards for such a designation under Colorado law. [#91]. On the same day, Owners filed a Motion for a Protective Order relating to the Notice of Non-Party at Fault. [#90]. Owners represented that if the non-party designation was not stricken, Owners' present lawyers would be required to appear on the verdict form in this case, might have been required to testify as witnesses, and might not have been able to continue to represent Owners. [*Id.* at 2-3]. Owners stated that it should not be required to respond to discovery in this case until after a ruling from the court on its Motion to Strike. Accordingly, Owners requested a protective order that would provide it until 7 days after the resolution of its Motion to Strike to respond to any written discovery that would otherwise be due sooner and requiring that Owners' deposition not take place until after the issue is resolved.

[*Id.* at 5].   Owners represented that the only written discovery that would be immediately affected by this issue were its responses to Mr. Benglen's second set of interrogatories and requests for production of documents, which would have otherwise been due on February 1, 2016.  [*Id.* at 4].

Two days later, on February 3, 2016, Third-Party Defendants Scott Benglen and Claims Solutions, LLC filed a Notice of Withdrawal of the Designation of Non-Party at Fault.  [#94].  In light of the Notice of Withdrawal, the Motion to Strike is moot.  The court also finds that the pending Motion for Protective Order is moot in light of the Notice of Withdrawal.  Nonetheless, the court will grant Owners a short extension of time to respond to Mr. Benglen's second set of interrogatories and requests for production.

Accordingly, **IT IS ORDERED** that:

(1)   The Clerk of the Court is **DIRECTED** to **STRIKE** the Notice of Non-Party at Fault [#89];

(2)   Owners Insurance Company's Motion to Strike Third Party Defendants Scott Benglen and Claim Solutions, LLC's Designation of Nonparties at Fault [#91] is **DENIED** as **MOOT**; and

(3)   Owners Insurance Company's Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**; and

(4)   Owners is granted an extension of time up to and including **February 11, 2016** to respond to Third-Party Defendant Scott Benglen's second set of interrogatories and requests for production of documents.

DATED: February 5, 2016                    BY THE COURT:

                                           s/ Nina Y. Wang
                                           Nina Y. Wang
                                           United States Magistrate Judge